IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD JORDAN, #B66331, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00305-NJR |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| FRANK LAWRENCE, PURDUE, | ) |
| ADMINISTRATIVE REVIEW BOARD, | ) |
| JOHN BALDWIN, LAUER, TAYLOR, | ) |
| MENARD CORRECTIONAL CENTER - | ) |
| INTERNAL AFFAIRS, McCARTHY, | ) |
| SPILLER, GEE, KRISTA ALSUP, | ) |
| and CHILDS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Donald Jordan, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that IDOC and Menard officials failed to protect him from harm after his status as a former government informant became widely known. (Doc. 1, pp. 1-114). Prison officials also retaliated against him for requesting protective custody ("PC") in 2018 and 2019. (*Id*.). Plaintiff brings claims against the defendants under the First Amendment, Eighth Amendment, and the Prison Rape Elimination Act ("PREA"). He seeks money damages and injunctive relief, including a temporary restraining order ("TRO") and/or preliminary injunction.[1]

---

[1] A hearing has already been scheduled on the Motion for TRO and Preliminary Injunction (Docs. 7 and 8).

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff's ex-wife revealed his status as a former government informant in a book she published and promoted on Facebook and the Steve Harvey Show.[2] (Doc. 1, pp. 23-36). Word of Plaintiff's status as a "snitch" traveled quickly after he transferred to Menard on May 16, 2018. He soon became a target of the Gangster Disciples, Latin Kings, and Vice Lords. The Gangster Disciples ordered him to produce documentation from his criminal case that proved he was not a government informant. Plaintiff requested time to do so and agreed to pay the commissary costs of gang members in the meantime.

When Plaintiff failed to produce the documents, the Gangster Disciples ordered him to request PC or face death. On or around June 30, 2018, Plaintiff was placed in a cell with a Vice Lord who was aware of his status. Plaintiff's cellmate beat him until he lost consciousness, inflicted serious injuries, and sexually assaulted him. He was treated at an outside hospital, where he reported the rape and took steps to file a PREA complaint. Before internal affairs investigated the matter, however, Plaintiff was required to shower and wash all evidence from his body.

When Plaintiff returned to Menard on July 1, 2018, he and his attacker were placed in segregation on investigative status and eventually released back into the same cell house. The

---

[2] Included as exhibits to the Complaint are excerpts from this book (Doc. 1, pp. 58-67) and the criminal case (Docs. 1, pp. 69-85).

threats and extortion continued, until Plaintiff was finally placed in PC intake on or around September 15, 2018. Staff retaliated against him for seeking PC by threatening him with disciplinary action, verbally abusing him, and subjecting him to adverse conditions there (*e.g.*, a cell lacking electricity, denial of recreation, frigid conditions, and cold food). After ten days, he was denied PC placement. Plaintiff's appeal of this decision was denied on October 23, 2018. He renewed his request and was eventually granted PC placement on January 31, 2019.

But on February 7, 8, and 9, 2019, Plaintiff filed another PREA complaint and emergency grievances to complain about an inmate (Peoples) who was threatening him. According to Plaintiff, Peoples demanded sex and money, threatened Plaintiff with death, and denied him phone access in PC. (Doc. 1, pp. 93-96). Warden Lawrence agreed that the situation presented an emergency and instructed internal affairs to investigate. In late February, internal affairs concluded that the claims were "unfounded" and denied the grievances and PREA complaint. (Doc. 1, pp. 23-36, 96).

On March 6, 2019, Peoples was released from segregation and placed on Plaintiff's gallery. Peoples immediately threatened to kill Plaintiff and his cellmate. (Doc. 1, pp. 23-36). Although this apparently resulted in his return to segregation, Plaintiff anticipates future contact with this inmate or others who know of his status as a former government informant. (Doc. 1, pp. 35-36). He complains that Menard has a policy, custom, or widespread practice of mishandling PREA complaints, discouraging PC requests, and failing to ensure the safety of inmates who are labeled as "snitches."[3] (Doc. 1, pp. 44-57). He seeks money damages and a "keep separate order" from Peoples, an order prohibiting further retaliation by staff, or an order for his transfer into a single-man cell in PC at Pontiac or Stateville. (Doc. 1, p. 12).

---

[3] In support of this claim, Plaintiff provides the affidavits of several inmates who are not named as plaintiffs in this action. (Doc. 1, pp. 44-57).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Defendants failed to protect Plaintiff from a known risk of harm, in violation of the Eighth Amendment, when they denied his request for protective custody after Menard inmates learned of Plaintiff's status as a former government informant on and after May 2018.

**Count 2:** Defendants failed to protect Plaintiff from a known risk of harm, in violation of the Eighth Amendment, when they denied his request for protection (including a "keep separate order") from Inmate Peoples and determined his PREA complaint was unfounded on and after January 31, 2019.

**Count 3:** Eighth Amendment claim against Defendants for the policy, custom, or widespread practice at Menard of discouraging inmates from seeking PC even when they have been identified by prison gangs as "snitches" and targeted for attack.

**Count 4:** Eighth Amendment claim against Defendants for the policy, custom, or widespread practice of failing to properly investigate and address PREA claims at Menard.

**Count 5:** First Amendment retaliation claim against Defendants for discouraging Plaintiff's requests for protective custody by threatening him with disciplinary action and subjecting him to generally adverse conditions in PC intake.

**Count 6:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in PC intake from September 10-25, 2018.

**Count 7:** PREA claim against Defendants for failing to timely and adequate investigate Plaintiff's claims of sexual assault in June and July 2018 and threats of rape by Inmate Peoples in February and March 2019.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Preliminary Dismissals

Plaintiff names two defendants who are not "persons" under Section 1983, including the Administrative Review Board and Menard Correctional Center Internal Affairs. Construed liberally, these defendants are divisions of the Illinois Department of Corrections, but the IDOC is also not a "person" subject to a suit for money damages under Section 1983. *Toledo, Peoria & Wester R. Co. v. State of Ill. Dep't of Transp.*, 744 F.2d 1296, 1298 (7th Cir. 1984) ("State agencies are not 'persons' for purposes of the Civil Rights Act."). And although Plaintiff seeks injunctive relief, this request is best directed toward the prison warden. These defendants shall be dismissed with prejudice.

Plaintiff names Officer Spiller as a defendant in the case caption but sets forth no allegations against this individual in the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff is required to set forth basic allegations to establish the officer's personal involvement in a constitutional deprivation. Accordingly, Officer Spiller shall be dismissed without prejudice from this action, leaving Plaintiff free to reassert a claim against the officer in an amended complaint filed in this action or in a separate suit.

Finally, Plaintiff mentions numerous other individuals (both known and unknown) in the statement of his claim but does not name them as defendants in the case caption. All claims against these individuals should be considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Counts 1 and 2**

In Counts 1 and 2, Plaintiff claims that the defendants failed to protect him from assault by other inmates who learned of his status as a former government informant. Both claims arise under the Eighth Amendment, which prohibits the cruel and unusual punishment of incarcerated persons. U.S. CONST., amend. VIII. The Supreme Court has long held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state a claim, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Farmer,* 511 U.S. at 834; *Pinkston*, 440 F.3d at 889.

The allegations suggest that the following individuals were aware of and disregarded a known risk of injury to Plaintiff (including a PREA complaint) at Menard on or after May 2018, when Gangster Disciples, Latin Kings, and Vice Lords threatened him, extorted money from him, and assaulted him after identifying him as a former government informant: Jacqueline Lashbrook (Doc. 1, pp. 25-26, 32), Officer Purdue (Doc. 1, p. 24), John Baldwin (Doc. 1, pp. 25, 28, 30, 32), Officer Lauer (Doc. 1, p. 32), Officer Taylor (Doc. 1, pp. 28-30, 34-35), Officer McCarthy (Doc. 1, p. 28), and Officer Childs (Doc. 1, pp. 28-30, 34-35). Accordingly, Count 1 shall receive further review against these individuals.

The allegations also suggest that the following individuals were aware of and disregarded Plaintiff's complaints (including a PREA complaint) about the serious risk of danger posed by Inmate Peoples on or after January 31, 2019: Frank Lawrence (Doc. 1, pp. 35-36), John Baldwin (Doc. 1, pp. 89, 106, 111), Officer Lauer (Doc. 1, p. 34), Officer Taylor (Doc. 1, pp. 28-30, 34-

35), Officer Gee (Doc. 1, p. 35), Krista Alsup (Doc. 1, p. 34), and Officer Childs (Doc. 1, pp. 28-30, 34-35). Count 2 shall proceed against these individuals.

Counts 1 and 2 shall be dismissed against all other defendants without prejudice, based on Plaintiff's failure to set forth sufficient allegations against each individual.

### Counts 3 and 4

Plaintiff also alleges that "Menard," "Internal Affairs," and the "Administrative Review Board" had a policy, custom, or widespread practice of failing to investigate PREA claims and of denying PC to known "snitches" who face the threat of attack by prison gangs. (Doc. 1, pp. 32-33). But "Menard," "Internal Affairs," and the "Administrative Review Board" are not proper defendants and are not subject to a claim for money damages under Section 1983. Although he also mentions IDOC Director Baldwin as endorsing this policy, custom, or practice in the exhibits (Doc. 1, pp. 44-57), Plaintiff does not allege or suggest that Baldwin actually caused the constitutional deprivations to occur. Accordingly, Counts 3 and 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Counts 5 and 6

Plaintiff next claims that the defendants retaliated against him for seeking PC by placing him in an intake cell that was too small, denying him adequate recreation, denying him adequate lighting for a day, exposing him to cold conditions, and serving cold food, among other things. In order to state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Although Plaintiff's allegations suggest that he may have been subject to retaliation for seeking PC, he identified no individual defendant(s)

7

in connection with this claim. Accordingly, Count 5 shall be dismissed without prejudice for failure to state a claim.

The related Eighth Amendment claim in Count 6 fails for the same reason. Plaintiff does not identify any individual who responded to his complaints about the conditions in PC intake with deliberate indifference. *Farmer*, 511 U.S. at 834 (prison officials violate Eighth Amendment when they demonstrate deliberate indifference to adverse conditions that deny prisoners "the minimal civilized measure of life's necessities"). Accordingly, Count 6 cannot proceed against any defendants and shall also be dismissed without prejudice.

**Count 7**

Courts considering the issue have agreed that PREA does not support a private cause of action. *See Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described here). Therefore, the independent PREA claim in Count 7 must be dismissed with prejudice.

**Motion for Recruitment of Counsel**

Plaintiff's Motion for Counsel (Doc. 3) is **DENIED without prejudice**. There is no constitutional or statutory right to counsel in federal civil cases, but the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When deciding whether to do so, the Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Neither of these requirements is satisfied here. Plaintiff has not demonstrated reasonable

efforts to locate counsel on his own. He sent letters to attorneys but explains that "no one has decided to take [his] case yet." (Doc. 3, p. 2). Given that the attached letters to counsel include no dates or responses, the Court cannot conclude that his efforts to locate counsel were reasonable. Further, Plaintiff has some college education and has prepared coherent pleadings for filing with the Court. The surviving claims are straightforward Eighth Amendment claims that depend largely upon the facts already available to Plaintiff and do not require special expertise to present. And although Plaintiff faces mental health issues, he is currently taking medication to manage them. Plaintiff has demonstrated an ability to litigate this matter without court-recruited counsel at this time. Should his situation change, Plaintiff may renew his request.

**Disposition**

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) as a defendant for purposes of implementing any injunctive relief that is ordered in this case.

**IT IS ORDERED** that the Complaint survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will receive further review against Defendants **LASHBROOK, PURDUE, BALDWIN, LAUER, TAYLOR, McCARTHY,** and **CHILDS** and is **DISMISSED** without prejudice against all other defendants;

- **COUNT 2** will receive further review against Defendants **LAWRENCE, BALDWIN, LAUER, TAYLOR, GEE, ALSUP,** and **CHILDS** and is **DISMISSED** without prejudice against all other defendants;

- **COUNTS 3, 4, 5,** and **6** are **DISMISSED** without prejudice against Defendants for failure to state a claim upon which relief may be granted.

- **COUNT 7** is **DISMISSED** with prejudice against Defendants for failure to state a claim.

**IT IS ORDERED** that Defendants **ADMINISTRATIVE REVIEW BOARD** and **MENARD CORRECTIONAL CENTER INTERNAL AFFAIRS** are **DISMISSED** with prejudice, and Defendant **SPILLER** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), LASHBROOK, LAWRENCE, PURDUE, BALDWIN, LAUER, TAYLOR, McCARTHY, GEE, ALSUP,** and **CHILDS:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if any defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/20/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**