# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD JORDAN, #B66331, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00305-NJR |
| | ) | |
| JACQUELINE LASHBROOK, | ) | |
| FRANK LAWRENCE, PURDUE, | ) | |
| JOHN BALDWIN, LAUER, TAYLOR, | ) | |
| McCARTHY, GEE, KRISTA ALSUP, | ) | |
| and CHILDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for consideration of Plaintiff Donald Jordan's request for a temporary restraining order ("TRO") and/or preliminary injunction. (Docs. 6, 19). Plaintiff claims that he was threatened and/or attacked by inmates at Menard Correctional Center who learned of his status as a former government informant in May 2018. He was granted protective custody ("PC") in January 2019, but placed near an inmate (Inmate Peoples) who threatened to harm him. Plaintiff requests: (A) a transfer to Pontiac or Stateville Correctional Center; (B) continued placement in protective custody; (C) a "keep separate order" from Inmate Peoples; and (D) a prohibition against retaliation by prison staff. (*Id*.).

Plaintiff included his request in the Complaint he filed on March 14, 2019. (Doc. 1). The following day, the Court docketed the request as a separate motion and scheduled a hearing for April 4, 2019. (Docs. 6-9). The Court also expedited its preliminary review of the Complaint and identified two Eighth Amendment failure-to-protect claims (Counts 1 and 2 below) that survived screening pursuant to 28 U.S.C. § 1915A. Plaintiff filed a Supplemental Motion for TRO and/or

1

Preliminary Injunction on March 27, 2019. (Doc. 27). Defendants filed no response and did not appear at the hearing.

## Analysis

The same legal framework is used to determine whether a TRO or a preliminary injunction is warranted. A plaintiff must establish that:

(1) his underlying case has some likelihood of success on the merits;

(2) no adequate remedy at law exists; and

(3) he will suffer irreparable harm without the relief.

*See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). Once this burden is met, the Court must weigh the "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

## Discussion

As explained on the record at the hearing, Plaintiff transferred from Menard to Pontiac on or around March 20, 2019. He was placed in protective custody at Pontiac and remains there at this time. Although Inmate Peoples and Plaintiff transferred to Pontiac together and now live near one another, Plaintiff testified that the two inmates have essentially gone "their own way." He is housed in a single cell and identified no current threat to his safety posed by Inmate Peoples (or anyone else). Plaintiff expressed some concerns about retaliatory conduct of officials at Menard, including their confiscation of his personal property (including writing materials) prior to his transfer, but he received his personal property (including writing materials) on April 1, 2019.

Given that Plaintiff has received most of the relief he requested (*i.e.*, a transfer to Pontiac and continued placement in PC) and identified no current threat or actual harm posed by Inmate Peoples or staff (*i.e.*, obviating the need for a "keep separate order" or the need to address retaliation by the Menard defendants), the Court deems a TRO unnecessary at this time. Plaintiff may renew this request, if it becomes necessary to do so, at any time during the pending action. The Court will defer a decision on Plaintiff's request for a preliminary injunction until after the defendants have answered the Complaint and responded to the motions (Docs. 6, 19).

## Conclusion

For these reasons and those more thoroughly expressed on the record at the hearing on April 4, 2019, Plaintiff's Motions for Temporary Restraining Order in Docs. 6 and 19 are **DENIED**, and the Court **DEFERS** any decision on his Motions for Preliminary Injunction in Docs. 6 and 19 until the Defendants answer the Complaint and respond to the Motions.

**IT IS SO ORDERED.**

**DATED:** April 5, 2019

s/ NANCY J. ROSENSTENGEL
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**